UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CHARLES ROBERT VIII,

                Plaintiff

      -against-

DEPARTMENT OF JUSTICE,
DEPARTMENT OF HEALTH AND HUMAN
SERVICES, and SOCIAL SECURITY
ADMINISTRATION,

                Defendants.
-----------------------------------------------------------------X

**NOT FOR PUBLICATION**

<u>MEMORANDUM AND ORDER</u>

05-CV-2543 (NGG)(ETB)

GARAUFIS, District Judge.

       The Plaintiff Charles Robert brings this action pursuant to the Freedom of Information

Act ("FOIA"), 5 U.S.C. § 552. Robert alleges that the Department of Justice ("DOJ"), the

Department of Health and Human Services ("HHS"), and the Social Security Administration

("SSA") failed to release documents responsive to a number of separate FOIA requests to these

agencies. The Defendants move to strike his complaint for failure to comply with Fed. R. Civ. P.

8(a) and 12(f), and to sever the instant action and dismiss as against HHS and SSA pursuant to

Fed. R. Civ. P. 21. Further, Robert seeks to consolidate this matter with three other FOIA

actions by Robert before me, <u>Charles Robert IV v. Department of Justice</u>, No. CV-02-1101

("<u>Robert IV</u>"), <u>Charles Robert V v. Department of Justice</u>, CV-03-4324 ("<u>Robert V</u>"), and

<u>Charles Robert VI a/k/a Snowflake 5391 v. Department of Justice</u>, CV-04-0269 ("<u>Robert VI</u>").

       For the reasons set forth below, I grant Plaintiff's motion to consolidate this matter

("<u>Robert VIII</u>") with <u>Robert IV</u>, <u>Robert V</u>, and <u>Robert VI</u>, grant Defendants' motion for summary

judgment as to <u>Robert IV</u>, partially grant and partially deny Defendants' motion to sever <u>Robert</u>

VIII, and grant Defendants' motions to strike the <u>Roberts VIII</u> complaint and to enjoin Plaintiff

from further FOIA requests without prior leave of court.

**I. BACKGROUND:**

Robert is an attorney (now suspended) who in the past represented disabled individuals in

appeals of denials to their applications for Supplemental Security Income ("SSI"). (<u>See, e.g.,</u>

<u>Robert IV</u> Compl. ¶ 10.) Robert has filed *pro se* the most recent generation of an array of FOIA

actions in an effort to have the government produce documents showing (a) a continuing policy

of administrative agencies and attorneys within those agencies, including DOJ, HHS, and SSA,

to ignore established precedent in denying Supplemental Security Income ("SSI") applications

and in withholding FOIA responsive documents; and (b) the efforts made by the government to

silence Robert's criticisms of these alleged policies. (<u>See, e.g.,</u> <u>Robert IV</u> Compl. ¶¶ 1, 5.)

Defendants have identified a total of twenty-four (24) FOIA actions filed by Robert over the past

twenty years, employing in these cases such pseudonyms as "Ruppert Counsel," "Stone

Counsel," and "Snowflake 5391," and suffixes from "Charles Robert I" through "Charles Robert

VIII," which he uses in the instant action. (<u>See</u> Decl. of Kathleen A. Mahoney, Oct. 27, 2005, at

1-24.)

Many of these twenty-four cases are closed, on appeal, or before other judges in the

Eastern District of New York ("EDNY"). In the interest of brevity, I shall limit the factual

background for the instant motions to the four Robert matters now before me, in the order that

they were received by this court.

**A.      Charles Robert IV v. Department of Justice, No. CV-02-1101**

This FOIA action began on February 15, 2002 in the Long Island Division of the EDNY

Courthouse, and was reassigned to the Brooklyn Courthouse on May 28, 2002. In this action, Robert sought the release of case file notes of Assistant U.S. Attorneys in the EDNY in three cases involving SSI applicant denials, "Ruppert," "Stone," and "Gordon," (Robert IV Defendant's ("Def's") 56.1 Statement ¶ 1; Robert IV Plaintiff's ("P's") 56.1 Statement ¶ 1), a "Shaheen law enforcement" document, and "the Charles Robert criminal investigative file." (Robert IV Def's 56.1 Statement ¶¶ 14, 16; Robert IV P's 56.1 Statement ¶¶ 14, 16.)

The "Ruppert," "Stone," and "Gordon" requests were docketed, and responsive documents were partially released and partially denied pursuant to FOIA exemptions (b)(2), (b)(5), (b)(6), and (b)(7)(C). (Robert IV Def's 56.1 Statement ¶¶ 3-10; Robert IV P's 56.1 Statement ¶¶ 3-10.) Robert claims that additional Ruppert documents existed that were not searched. (Robert IV P's 56.1 Statement ¶ 6.) DOJ alleges that Robert only administratively appealed the Ruppert FOIA request, and did not challenge the Stone or Gordon denials. (Robert IV Def's 56.1 Statement ¶¶ 11-13.) Plaintiff contends that he administratively appealed all three partially denied FOIA requests. (Robert IV P's 56.1 Statement ¶ 13.)

Robert alleges that he requested the "Shaheen law enforcement" by filing a FOIA request with former Assistant U.S. Attorney ("AUSA") Miller on December 26, 2001. (Robert IV Def's 56.1 Statement ¶ 15; Robert IV P's 56.1 Statement ¶ 15.) Robert also alleges that he attempted three times to file a "Charles Robert criminal investigative file" FOIA request, but that the FOIA Officer in the EDNY U.S. Attorney's office refused to docket this request. (Robert IV Def's 56.1 Statement ¶ 16; Robert IV P's 56.1 Statement ¶ 16.) A search for the "Charles Robert criminal investigative file" was made in the EDNY records and databases, and no responsive records were found. (Robert IV Def's 56.1 Statement ¶¶ 17-18; Robert IV P's 56.1 Statement ¶¶ 17-18.)

Robert asserts that documents responsive to his "Charles Robert criminal investigative file" FOIA request exist "in some DOJ unit that is not the 'Office' of the [EDNY]." (Robert IV P's 56.1 Statement ¶ 19.)

Defendant DOJ moved for summary judgment on October 3, 2005, and Robert filed opposing papers on November 1, 2005. By letter dated November 7, 2005 to the court, Robert requested the consolidation of this case with the other three related cases pending in this court. (Robert's Letter to the Court dated November 7, 2005 ("Robert's Nov. 7 letter"), at 1.)

**B.    Charles Robert V v. Department of Justice, CV-03-4324**

On September 3, 2003, Robert began a new FOIA case against DOJ for three categories of documents: the "IMC Investigation Final Report," the "AAG John R. Bolton's May 6, 1988 letter to the USAC," and the "Ford Remedy Plans." (Robert V Compl. ¶¶ 79, 90-91 (misnumbered ¶¶ 88-91).)

The "IMC Investigation Final Report" FOIA request asked for expedited consideration of his demand for documents related to an investigation of the International Medical Center for fraud upon the government in its use of Medicare funding. (See Robert V Compl. ¶¶ 11-79.) Robert made this request on July 22, 2003, DOJ denied it, and the denial was administratively appealed on or around August 21, 2003. (Id. at ¶¶ 80-82; Robert V Answer ¶¶ 80-83.)

The "AAG John R. Bolton's May 6, 1988 letter to the USAC," request sought all the pages of a letter sent by Assistant Attorney General John R. Bolton to the United States Administrative Counsel ("USAC") explaining the DOJ's policy in the EDNY of the process by which DOJ identifies pertinent decisional law in deciding whether to defend the policy decisions of the HHS in denying SSI applications. (Robert V Compl. ¶¶ 79-95.) Due to a misnumbering

of Robert's Complaint (see id. at 23-28), Defendant has not admitted or denied that this FOIA request was made on August 6, 2003 with no responsive FOIA decision by the Defendant. (Id. at ¶¶ 97-98; Robert V Answer at 3.)

On May 18, 2003, the plaintiff filed a FOIA request for "Ford Remedy Plans." (Robert V Complaint at 29 (misnumbered ¶ 88).) The "Ford Remedy Plans" FOIA request sought release of quarterly reports prepared by DOJ discussing how the Social Security Administration ("SSA") would comply with the court's directives in Ford v. Shalala, 87 F. Supp. 2d 163 (E.D.N.Y. 1999). (Robert V Complaint at 25-28 (misnumbered ¶¶ 99-87).) Plaintiff alleges that this request was given no final decision within thirty days, which DOJ denies. (Id. at 27 (misnumbered ¶ 91); Robert V Answer ¶ 91, at 4.)

**C.      Charles Robert VI a/k/a Snowflake 5391 v. Department of Justice, CV-04-0269.**

On January 23, 2004, Robert filed a FOIA action for the release of documents related to his FOIA requests for the "Director Tyson November, 1985 Zwany Final Report," and the "Robert v. Holz" and "Robert II v. DOJ Shaheen law enforcement documents." (Robert VI Complaint ¶ 1.).

The "Director Tyson November, 1985 Zwany Final Report" FOIA request sought the report upon which Executive Office for the United States Attorneys ("EOUSA") Director Tyson found unsubstantiated an allegation by Robert that AUSA Zwany engaged in a retaliatory investigation of Robert because of his accusations against DOJ. (Robert VI Am. Compl. ¶¶ 30-37.) On October 9, 2003, Robert filed a FOIA request for the report upon which Director Tyson's based her finding. (Id. at ¶ 38.) Robert's FOIA request was docketed and denied. (Id. at ¶ 40-41.) Robert appealed the denial. (Id. at ¶ 44.) On June 30, 2004, DOJ responded that no

5

records had been found.  (Id. ¶¶ 43-45.)

On October 30, 2003, Robert filed a FOIA request for DOJ case file documents for

Robert v. Holz. (Id. ¶¶ 46-75.)  According to Robert, the FOIA officer refused despite two

attempts to docket this FOIA request.  (Id. ¶¶ 75-78.)  Defendant alleges that Robert sent the

FOIA request to the United States Attorney's Office in the EDNY, which is the incorrect

component of DOJ.  (Robert VI Answer ¶¶ 75-76.)  Over thirty days have passed since Robert

attempted to make this FOIA request.  (Robert VI Compl. ¶ 79.)

On October 30, 2003, Plaintiff sought to file a FOIA request seeking a release of

documents by DOJ Office of Professional Responsibility Attorney Michael Shaheen based on his

January 9, 1989 letter to Robert ("Shaheen law enforcement document") which explained DOJ's

EDNY acquiescence policy.  (Id. ¶¶ 85-87, 97.)  DOJ would not docket this FOIA request.  (Id.

¶¶ 98-99.)  According to Defendant, this was because Robert again attempted to file the FOIA

request at the United States Attorney's Office in the EDNY, which is the incorrect component of

DOJ.  (Robert VI Answer ¶ 99.)  Over thirty days have passed since Plaintiff attempted to file

this FOIA request.  (Robert VI Compl. ¶ 100.)  DOJ alleges that its final denial of this FOIA

request was on August 13, 2004.   (Robert VI Answer ¶ 100.)

D.     **Charles Robert VIII v. Department of Justice, Department of Health and Human
       Services, and Social Security Administration, CV-05-2543**

Robert commenced this FOIA action on May 25, 2005 with a 200 paragraph, fifty-two

page complaint regarding a new series of rejected or disregarded FOIA requests made to DOJ,

HHS, and SSA.  In this action, Robert alleges that DOJ continues not to render a final decision

with respect to his FOIA request for "Christensen nonacquiescence policy" documents that were

the basis of Robert's <u>Robert VII v. Department of Justice</u>, 04-CV-1961, a FOIA action that I dismissed because I found that Robert had not exhausted his administrative remedies, and which is now on appeal. (<u>Robert VIII</u> Compl. ¶ 46, 48 (citing <u>Robert VII v. Department of Justice</u>, 04-CV-1961, slip op. at 8-9 (Mar. 1, 2005)).) Robert alleges that when he attempted to renew his FOIA request for the "Christensen nonacquiescence policy," the DOJ FOIA officer informed him that "as this matter is now before the Court, any action by this Office would be inappropriate. See 28 C.F.R. § 16.9(a)(3) (2003). I am, therefore, closing your appeal file in this Office." (<u>Id.</u> ¶ 44.)

Robert in this action also claimed that over thirty days have passed since he filed a number of DOJ FOIA requests that were never docketed: (1) the "<u>Barrett</u> nonacquiescence policy," for documents that relate to alleged DOJ policies of withholding documents responsive to FOIA requests (<u>Robert VIII</u> Compl. ¶¶ 51-72); (2) a "AUSA Noyer communications with SSA or HHS" FOIA request that DOJ never docketed for documents related to DOJ A.U.S.A. Noyer's communications with HHS and SSA regarding the reasons why HHS ended its criminal investigation of Robert in 1987 (<u>Id.</u> ¶¶ 73-78); (3) "DOJ <u>Squillicioti</u>" documents related to Robert's allegation that DOJ does not acquiesce to <u>Jackson v. Schweiker</u>, 683 F.2d 1076 (7th Cir. 1982) (<u>Id.</u> ¶¶ 79-85); and (4) "DOJ Special Assistant AUSA documents" for DOJ's standards by which the Attorney General "uses 'Special Assistants' who are SSA attorneys under the supervision of [EOUSA]." (<u>Id.</u> ¶ 92; <u>see generally id.</u> ¶¶ 86-97.)

In addition, Robert alleged that he filed a number of related and unrelated rejected and/or disregarded FOIA requests to HHS and SSA. (<u>Id.</u> ¶¶ 98-200.) Specifically, Robert filed FOIA demands that HHS produce documents in the possession of HHS "FOIA Director Lee Jackson"

that relate to "Robert II v. HHS," (id. ¶¶ 98-140), and that concern its acquiescence with Navarro v. Sullivan, 751 F. Supp. 349 (E.D.N.Y. 1990), (id. ¶¶ 141-165), and that SSA produce all documents related to information given to Ford class members regarding future SSI eligibility, (id. ¶¶ 166-180), SSA's communications with A.U.S.A. Noyer, (id. ¶¶ 181-194), and all documents related to the "Squillicioti" appeal. (Id. ¶¶ 195-199.)

Defendants have not answered the Complaint, but rather moved for the Complaint to be stricken for failure to comport with Fed. R. Civ. P. 8(a) and 12(f), to have the action severed and dismissed as to HHS and SSA for improper joinder pursuant to Fed. R. Civ. P. 21, and for the court to find Robert to be a vexatious litigator and thus to enjoin Robert from further FOIA filings without first obtaining leave from the court in accordance with 28 U.S.C. § 1651(a).

## II.    APPLICABLE LAW

### A.    Standard for Striking Complaint Under Rule 8(a) and 12(f)

"A pleading . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). In addition, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e).

"The key to Rule 8(a)'s requirements is whether adequate notice is given." Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004). "'[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365

(1969).

Generally, "the courts should not tamper with the pleadings unless there is a strong reason for so doing." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) (citations omitted). However, if a complaint does not comport with Rule 8, the court may, upon motion or *sua sponte*, "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). If a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," the court may dismiss the complaint. Salahuddin, 861 F.2d at 42 (citation omitted).

B.    **Joinder and Misjoinder Standard Under Rules 20 and 21**

"All persons . . . may be joined in one action as defendants if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). "The terms transaction and occurrence in Rule 20 permit all 'logically related claims' by or against different parties in a single proceeding." Fong v. Rego Park Nursing Home, No. 95 Civ. 4445, 1996 U.S. Dist. LEXIS 22289, at *6 (E.D.N.Y. Aug. 16, 1996) (J. Johnson) (citing Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974)). Misjoinder "is not ground for dismissal of an action . . . . Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21.

C.    **Summary Judgment Standard Under Rule 56(e)**

A motion for summary judgment should be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears

the burden of establishing the absence of a genuine issue of material fact.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Once the moving party has met this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  When deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences from the submitted affidavits, exhibits, interrogatory answers, and depositions in favor of that party.  See Anderson, 477 U.S. at 255.

Once the summary judgment proponent has established the absence of a genuine issue of material fact, "[t]he nonmovant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture."  Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118,121 (2d Cir. 1990) (internal quotations and citations omitted).  Rather, the opponent can only create a genuine issue of material fact by citing competent, admissible evidence.  Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569, 574 (S.D.N.Y. 2004) (citing Sarno v. Douglas Elliman-Gibbons & Ives, 183 F.3d 155, 160 (2d Cir. 1999)).

### D. Judicial Review of Responses to FOIA Requests

FOIA entitles private citizens to access government records subject to nine exemptions that allow an agency to withhold requested information.  See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 136 (1975); 5 U.S.C. § 552(b)(1)-(9).  A district court may provide injunctive relief to order the production of agency documents improperly withheld after undertaking a *de novo* review of the agency decision to withhold or redact information.  5 U.S.C. § 552(a)(4)(B). The statutory exemptions contained in the FOIA are to be "narrowly construed with doubts

resolved in favor of disclosure." <u>Federal Labor Relations Auth. v. United States Dep't of Veterans Affairs</u>, 958 F.2d 503, 508 (2d Cir. 1992). Further, the agency bears the burden of supporting its decision to withhold or redact information requested under the FOIA. <u>See</u> 5 U.S.C. § 552(a)(4)(B); <u>see also</u> <u>Massey v. FBI</u>, 3 F.3d 620, 622 (2d Cir. 1993).

Pursuant to 5 U.S.C. § 552(a)(4)(B), district courts are vested with exclusive jurisdiction over FOIA cases. The Supreme Court has held that subject matter jurisdiction under § 552 is "dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" <u>Kissinger v. Reporters Comm. for Freedom of the Press</u>, 445 U.S. 136, 150 (1980). "Unless each of these criteria are met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." <u>United States Dep't of Justice v. Tax Analysts</u>, 492 U.S. 136, 142 (1989). Whether an agency has "improperly" withheld records usually turns on whether one or more exemptions apply to the documents at issue. <u>Tax Analysts</u>, 492 U.S. at 152.

FOIA Exemption 5 asserted by Defendant DOJ in the instant action, exempts matters that are: "inter-agency or intra-agency memorand[a] of letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 "encompass[es] traditional common-law privileges against disclosure, including the work-product doctrine, and executive, deliberative process and attorney-client privileges." <u>Nat'l Council of La Raza v. Department of Justice</u>, 411 F.3d 350, 355 (2d Cir. 2005).

FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request. Under FOIA, an agency must:

(i) determine within 20 days (excepting Saturdays, Sundays, and legal public

holidays) after the receipt of any such request whether to comply with such
request and shall immediately notify the person making such request of such
determination and the reasons therefor, and of the right of such person to appeal to
the head of the agency any adverse determination; and
(ii) make a determination with respect to any appeal within twenty days (excepting
Saturdays, Sundays, and legal public holidays) after the receipt of such appeal.

5 U.S.C. § 552(a)(6)(A)(i), (ii).   The proponent of a FOIA request is "deemed to have exhausted

his administrative remedies with respect to such request if the agency fails to comply with the

applicable time provisions of this paragraph."  5 U.S.C. § 552(6)(C).

 The purpose of this appeal is to "provide agencies an opportunity to correct internal

mistakes, and thus avoid unnecessary judicial review."  Hogan v. Huff, No. 00-CV-6753, 2002

U.S. Dist. LEXIS 11092, at *12 (S.D.N.Y. June 21, 2002).   If the denial of the request is upheld

on appeal, the agency must "notify the person making such request of the provisions for judicial

review of that determination."  5 U.S.C. § 552(a)(6)(A)(ii).   Under FOIA, a court lacks subject

matter jurisdiction over a requester's claim where the requester has failed to exhaust the

administrative remedies provided under the FOIA statute.  See McMillan v. Togus Regional

Office, Dep't of Veteran Affairs, No. 03-CV-1074, 2003 U.S. Dist. LEXIS 24575, at *3

(E.D.N.Y. Nov. 18, 2003) (Weinstein, J.); Hogan, U.S. Dist. LEXIS 11092, at *14 ("If a plaintiff

fails to exhaust all available administrative remedies under FOIA and the Privacy Act before

commencing an action in a federal court, the court lacks jurisdiction.").

**III.    DISCUSSION**

**A.    Motion to Consolidate**

Before discussing the motions before this court in Robert IV and Robert VIII, I must first

decide whether to consolidate the above matters.  The Federal Rules of Civil Procedure Rule

42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, . . . [the court] may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). Upon finding that the actions involve common questions of law or fact, this court "has broad discretion in determining whether consolidation is appropriate," and must balance the efficiency gained through consolidation against possible prejudice to the parties. Johnson v. Kerney, No. 91-CV-1993, U.S. Dist. LEXIS 18503, at *16 (E.D.N.Y. 1993) (J. Sifton) (citing Hendrix v. Raybestos-Manhattan, Inc. 776 F.2d 1492 (11th Cir. 1985)).

Robert moves to consolidate the instant matter with Robert IV, Robert V, and Robert VI. (Robert's Nov. 7 letter at 1-2.) These cases are all actions challenging agency denials of similar FOIA requests by Robert principally against DOJ (and secondarily against HHS and SSA), and therefore implicate common questions of law and fact. As there are many claims asserted in these cases, and the defenses in these cases are similar, judicial economy would be substantially preserved by the consolidation of these matters. I conclude that Rule 42(a) permits me to consolidate these cases. I also do not find that Plaintiff or Defendants will suffer any prejudice through the consolidation of these cases. On the contrary, the parties will benefit from litigating these matters in one case. Furthermore, when I asked the parties if they objected to the consolidation of the Robert matters before this court, Defendants stated that they did not. (Robert VIII Tr. at 8.) Therefore, I grant Robert's motion to consolidate Robert IV, Robert V, Robert VI, and Robert VIII, and shall proceed to discuss the pending motions of these cases.

**B.** <u>**Robert IV**</u> **Summary Judgment Motion**

　　*1.　　<u>Stone</u> and <u>Gordon</u> FOIA Requests*

A FOIA requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies. <u>Sloman v. United States Dep't of Justice</u>, 832 F.Supp. 63, 65-66 (S.D.N.Y. 1993). Defendants' motion for summary judgment on the <u>Stone</u> and <u>Gordon</u> records must be granted because Defendants have shown an absence of a genuine issue of material fact, and Robert failed to show a genuine issue of fact through citation to competent, admissible evidence. The evidence submitted demonstrates that Robert did not appeal the <u>Stone</u> and <u>Gordon</u> FOIA denials.

The Local Rules of this court state that a motion for summary judgment must include a separate statement of facts that cites to "evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." EDNY Local Rule 56.1(d). Defendants refer to the Declaration of John F. Boseker, Attorney Advisor in EOUSA of DOJ, in which Boseker swears and refers to attached exhibits showing that on August 17, 2001, EOUSA advised Robert that his <u>Stone</u> and <u>Gordon</u> FOIA requests were denied, and that he had sixty days to appeal the denials. (<u>Robert IV</u> Boseker Decl. ¶¶ 14-15; Exs. F-G.) Boseker also swears that DOJ never received an appeal of its denial of Robert's <u>Stone</u> and <u>Gordon</u> FOIA requests. (Id. ¶ 18.) Boseker's Declaration and the exhibits attached therein are competent evidence under Fed. R. Civ. P. 56(e). I therefore find that Defendants have met their burden to show an absence of genuine issue of fact that Plaintiff did not exhaust his administrative remedies for the <u>Stone</u> and <u>Gordon</u> FOIA requests.

To rebut this finding, Robert alleges that "[t]he plaintiff timely appealed all three

14

decisions, Ruppert, Stone, and Gordon and the defendant did not include the Stone and Gordon timely appeals in Exhibits filed with the Court." (<u>Robert IV</u> P's 56.1 Statement ¶ 12.) However, Robert in his 56.1 Statement cites to no rebuttal evidence. (<u>See</u> <u>id.</u>) In opposing a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Plaintiff's conclusory statement fails to rebut Defendants' competent evidence showing an absence of genuine issue of fact that Plaintiff has not administratively exhausted the <u>Stone</u> and <u>Gordon</u> FOIA requests. <u>Western World Ins. Co. v. Stack Oil, Inc.</u>, 922 F.2d at 121. Therefore, Robert's <u>Stone</u> and <u>Gordon</u> FOIA appeals are hereby dismissed. <u>McMillan</u>, 2003 U.S. Dist. LEXIS 24575, at *3.

   *2.      <u>Ruppert</u> FOIA Request*

I also find an absence of issue of fact concerning the <u>Ruppert</u> FOIA request. The Defendant DOJ has sufficiently shown that the six pages not disclosed by DOJ responsive to the <u>Ruppert</u> FOIA request were properly withheld under FOIA. The parties agree that in response to Plaintiff's FOIA request for the case file notes of the A.U.S.A. who handled the <u>Ruppert</u> litigation, DOJ withheld six responsive pages, claiming various FOIA exemptions. (<u>Robert IV</u> Def's 56.1 Statement ¶ 6-7; <u>Robert IV</u> P's 56.1 Statement ¶ 6-7; <u>Robert IV</u> Boseker Decl. ¶ 11, Ex. E.) DOJ prepared a <u>Vaughn</u> index[1] of the withheld six-page document, which describes the documents as an "intra-agency communication made in anticipation of litigation, particularly focused on recommending action regarding appeal, consisting of legal analysis of issues

_____

[1] <u>See</u> <u>Vaughn v. Rosen</u>, 484 F.2d 820, 823 (D.C. Cir. 1973).

presented and responses," and designates them as "attorney work product" subject to exemption from FOIA pursuant to 5 U.S.C. § 552(b)(5) ("Exemption 5"). (Id. ¶ 19, Ex. L at 1.)

Exemption 5 "clearly applies to memoranda prepared by an attorney in contemplation of litigation which set forth the attorney's theory of the case and his litigation strategy." National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132, 155 (1975). DOJ's description of the withheld documents from its Vaughn index as attorney work-product evaluating DOJ's legal strategies in the Ruppert litigation sufficiently describes the documents' purpose and actual use to satisfy its burden that they are subject to Exemption 5. See Grand Central Partnership, Inc. v. Cuomo, 166 F.3d 473, 480-81 (2d Cir. 1999). Accordingly, there is an absence of genuine issue of fact that the withheld memorandum prepared in contemplation of litigation is exempt from FOIA disclosure under Exemption 5.

Robert's argument that the recent Second Circuit decision in Nat'l Council compels the production of the Ruppert documents is unpersuasive. The Second Circuit in Nat'l Council rejected DOJ's argument that a memorandum publicly used to justify a change in DOJ policy could be withheld pursuant to Exemption 5 because it was protected by the "deliberative process privilege." Nat'l Council of La Raza v. Department of Justice, 411 F.3d 350, 357 (2d Cir. 2005). In the instant Ruppert FOIA request, I find that the documents are subject to Exemption 5 because they are attorney work-product, not because they are part of DOJ's "deliberative process." As a result, Nat'l Council is inapposite.

3. *"Shaheen law enforcement" and "Charles Robert criminal investigative file" FOIA Requests*

I also grant summary judgment for DOJ on the "Shaheen law enforcement" and "Charles

Robert criminal investigative file" FOIA requests. FOIA requires that the demand "compl[y]

with the agency's published rules stating the time, place, fees and procedures to be followed

when making a request." United States v. Agunbiade, No. 90-CR-610, 1995 U.S. Dist. LEXIS

8043, at *18-19 (E.D.N.Y. May 10, 1995) (Bartels, J.) DOJ regulations provide that FOIA

requests must be made to "the Department component that maintains those records." 28 C.F.R.

Part 16.3(a). DOJ provides that FOIA requests of an Office of the U.S. Attorney should be

submitted to the Executive Office for U.S. Attorneys. See DOJ Department Components,

*available at* http://www.usdoj.gov/04foia/04_4.html. However, Robert provided the "Shaheen

law enforcement" FOIA request to former AUSA Miller. (Robert IV Def's 56.1 Statement ¶ 15;

Robert IV P's 56.1 Statement ¶ 15.) Robert does not allege that AUSA Miller is a FOIA Officer,

or that he worked in the Executive Office for U.S. Attorneys. Because "requests directed to an

improper party or agency . . . do not satisfy the jurisdictional predicate," Agunbiade, at *12

(citations omitted), the court grants DOJ's summary judgment motion for the "Shaheen law

enforcement" request.

Similarly, Robert's "Charles Robert criminal investigative file" FOIA request lacks a

jurisdictional predicate. Although Robert alleges that he attempted to file this request with the

FOIA Officer in the EDNY, he does not allege that he submitted this request pursuant to 28

C.F.R. Part 16.3(a). (Robert IV Def's 56.1 Statement ¶ 16; Robert IV P's 56.1 Statement ¶ 16.)

Moreover, assuming arguendo that Robert's FOIA request was improperly handled by the EDNY

FOIA Officer, DOJ provided competent evidence that it conducted a search of the A.U.S.A.

records and databases in the EDNY and found no documents responsive to his request. (Aug. 29,

2003 Decl. of Susan Riley ¶¶ 2-4.) Robert cannot challenge DOJ's response to this FOIA request

because DOJ has satisfied its burden that no responsive documents were withheld, and Robert has not provided this court with evidence that presents a genuine issue of material fact that any documents responsive to his request exist.

Accordingly, I grant DOJ's motion for summary judgment in its entirety.

## C.    <u>Robert VIII</u> **Defendants' Motion to Sever**

I grant Defendants' motion to sever the Complaint as to HHS, but deny it as to SSA. Specifically, Defendants move to sever and dismiss all claims against HHS and SSA, and to dismiss the complaint as to these defendants as improperly joined. The Defendants, in support of their motion, suggest that the action should be severed because they involve different FOIA requests. (Def's Mem. Supp. Mot. Strike P's Comp. Injunctive Relief ("Def's Mem. in Supp."), at 8-9.) Such a ruling would discourage joining claims that involve the same substantive FOIA request provided to different governmental agencies. However, "Rule 20(a) provides for joinder of parties if there is *any* question of law or fact common to all." <u>Fong</u>, No. 95-CV-4445, 1996 U.S. Dist. LEXIS 22289, at *9 (quoting <u>Blesedell v. Mobil Oil Co.</u>, 708 F. Supp. 1408, 1422 (S.D.N.Y. 1989) (emphasis in original)). Thus, Rule 20(a) requires me to answer whether the individual FOIA requests to the different defendants are logically related.

There is no logical relationship between Robert's claims against HHS and the other claims in this action. There is no common transaction or occurrence linking the HHS denied and/or withheld FOIA requests and those denied and/or withheld by DOJ and SSA.[2] As a result,

---

[2] Although Plaintiff argues against severance of the Defendants in <u>Robert VIII</u> on the ground that some FOIA demands to DOJ request documents sent to HHS, he does not allege that any of his FOIA demands to HHS are logically related to his FOIA demands to DOJ or SSA, which is the relevant Rule 20(a) inquiry. (Plaintiff's <u>Robert VIII</u> Mem. Opp. at 22-25.)

HHS is improperly joined to this action.  See Fed. R. Civ. P. 20(a).

However, I find that there is a logical relationship between the "AUSA Noyer communications with SSA or HHS" requests and FOIA claims against DOJ and SSA.  These requests involve the same claim by Robert, that DOJ and SSA possess FOIA responsive documents involving communications with AUSA Noyer.  The requests also all involve the same question of law, specifically whether the FOIA requests were denied in violation of FOIA.   As a result, I find that DOJ and SSA are properly joined to this action.  In addition, Robert may join the other Robert VIII claims that he has against DOJ and SSA pursuant to Rule 18(a).  Fed. R. Civ. P. 18(a); see Wolde-Meskel v. Vocational Instruction Project Community Servs., Inc., 166 F.3d 59, 62 (2d Cir. 1999).  Hence, I grant Defendants' motion to sever this action as to HHS; I dismiss Robert's action against HHS with leave to refile as a separate action within thirty (30) days; and I deny Defendants' motion to sever this action as regards SSA.

**D.**     **Robert VIII Defendants' Motion to Strike**

I shall now proceed to consider the Defendants' motion to strike the complaint as "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The Robert VIII Complaint is 200 paragraphs and 52 pages long.   The vast majority of the paragraphs in the Robert VIII Complaint consist of what Robert dubs "background facts," which upon examination are largely irrelevant.  For example, paragraph 103 is a two page quotation from a letter by "HCFA Medicaid Director Richardson" regarding Medicaid liens.  (Robert VIII Compl. ¶ 103.) In other paragraphs, Robert advises the court that he is forwarding the denial of four different FOIA requests to "Senator Cornyn and Senator Leahy as specific evidence to support their proposed legislation Openness Promotes Effectiveness in our Nation Act of 2005, S. 394, and the

Faster FOIA Act of 2005, S.589." (Robert VIII Compl. ¶¶ 165, 180, 194, 200.)

Pages and entire sections of the complaint involve allegations of, *inter alia*, a "clandestine nonacquiescence policy" by Executive Branch attorneys to circumvent established precedent in defending denied SSI appeals and withholding FOIA responsive documents showing this policy, (Robert VIII Compl. ¶ 20), a retaliatory national security investigation of him as a possible terrorist for his FOIA claims against DOJ, (id. at ¶¶ 57, 62), and that former HHS General Counsel del Real "had been a CIA asset whom CIA Director Casey had . . . embedded at HHS to implement a clandestine HHS nonacquiescence policy by rigging the HHS computers in order to divert unaudited HHS funds through [International Medical Centers] and onto the contras . . . ." (Id. at ¶ 63.). Robert may justly feel that these allegations, which he attempts to prove through FOIA requests, support his conclusion that his FOIA requests are of great importance. However, these allegations are irrelevant to the validity of Robert's FOIA claims. See Lipsky, 551 F.2d at 893 (reasoning that a motion to strike should be granted if shown that "no evidence in support of the allegation would be admissible"). Moreover, the prolix and argumentative nature of these allegations render the document as a whole "unintelligible [so] that its true substance, if any, is well disguised." Salahuddin, 861 F.2d at 42. I conclude that this Complaint is not a short and plain statement of Plaintiff's FOIA claims, or of the jurisdictional basis and sought remedies of those claims.

Moreover, those paragraphs in the Complaint that are arguably relevant are unreasonably difficult to understand and combine relevant allegations with surplusage. I do not believe that striking the irrelevant paragraphs would result in a complaint that comports with Rule 8(a) requirements. As a result, the only remedy to this Complaint's violation of Rule 8(a) is to have

the entire document stricken. Finally, there is no prejudice to Plaintiff in striking this Complaint, because his complaint must be amended regardless to consolidate his remaining claims.

The Defendants' motion to strike the Plaintiff's Complaint is granted. I find that hidden within Robert's complaints "contain[] the seeds of a viable complaint." Woodard v. Hardenfelder, 845 F. Supp. 960, 969 (E.D.N.Y. 1994). Therefore, I grant Plaintiff leave to refile a short and concise complaint that pleads the surviving claims of these consolidated cases by or before January 9, 2006.

**C.      Injunction**

This court has the power pursuant to 28 U.S.C. § 1651 to enjoin further filings in support of frivolous and vexatious claims. In re Hartford Textile Corp., 681 F.2d 895, 897 (2d Cir. 1982) (per curiam), cert. denied 459 U.S. 1206 (1983). In Safir v. United States Lines, Inc., the Second Circuit articulated five factors to consider in deciding whether to enjoin a party from future filings:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial system and harass other parties." Id.

*1.      The Litigant's History of Litigation*

Charles Robert has filed twenty-four FOIA actions in this courthouse since 1985.

21

(Oct. 27, 2005 Mahoney Decl., at 1.)  Twenty of those have been dismissed.  (See id. (citing Robert v. Bell et al., CV-89-3482 (JM); Ruppert Counsel II v. Messick, CV-91-2105 (LDW)(DFJ); Snowflake 5391 v. The National Archives et al., CV-98-3598 (LDW)(VVP) (affirmed in Robert v. The National Archives, 1 Fed. Appx. 85 (2d Cir. 2001)); Robert v. HHS, CV-99-3648 (JM)(ETB); Robert v. SSA, CV-99-3650(JM), then (LDW)(ETB); Robert v. Central Intelligence Agency, CV-01-4198 (JS)(ARL); Robert III v. DOJ, CV-01-4198 (JM); Robert III v. HHS, CV-01-6114 (JM) then (JG)(EBT) (affirmed in Robert v. HHS, 78 Fed. Appx. 146 (2d Cir. 2003) (dismissed on motion to dismiss); Robert v. Holz, CV-85-4205 (LDW); Rupert Counsel v. Bell, CV-90-0881; Stone Counsel v. Bell et al., CV-91-1261; Robert v. DOJ, CV-99-3649 (JM)(EBT) (affirmed in Robert v. DOJ, 26 Fed. Appx. 87 (2d Cir. 2002)); Robert II v. HHS, CV-01-4778 (ADS) then (DLI)(ETB) (dismissed on motion for summary judgment); Robert v. Diefenderfer III, CV-90-3403 (LDW); Ratisher-Cricchio Counsel v. HHS, CV-96-6275 (JG)(MDG) (dismissed pursuant to stipulation); Ruppert Counsel III v. DOJ, CV-95-1795 (LDW)(ETB) (dismissed as moot)).)

Robert's recent submissions to the court are unduly burdensome to the court and the Defendants, and fail to place Defendants on notice of Robert's claims.  Robert's complaints are unreasonably lengthy.  (See Robert IV Compl. (428 paragraphs and 90 pages); Robert V Compl. (94 paragraphs and 29 pages); Robert VI Compl. (142 paragraphs and 31 pages); Robert VIII Compl. (200 paragraphs and 52 pages).)  Robert's complaints contain hundreds of paragraphs that in their best light read as an attempt to collaterally attack entire classes of SSI application denials, or a demand for a

congressional hearing for alleged wrongdoing by government officials.  These wide-ranging accusations and elaborate conspiracy theories are irrelevant, render his pleadings unintelligible, fail to place Defendants on notice of his claims, and place an unacceptable burden on this court.  As a result, in three instances (apart from the instant motion to strike in <u>Robert VIII</u>) Robert's complaints have been stricken for failure to comply with Rule 8.  (<u>Id.</u> (citing <u>Snowflake 5391 v. The National Archives et al.</u>, CV-98-3598 (LDW)(VVP); <u>Robert IV</u>; <u>Robert VII a/k/a Snowflake 5391 v. DOJ</u>, CV-04-1961 (NGG)(ETB)).)

Further, Robert's FOIA litigation history is replete with examples of failure to prosecute.  In five instances, Robert did not even oppose the defendants' motion to dismiss/for summary judgment.  (<u>Id.</u> (citing <u>Robert v. Bell et al.</u>, CV-89-3482 (JM); <u>Robert v. Doe et al.</u>, CV-89-4039 (LDW); <u>Robert v. Diefenderfer III</u>, CV-90-3403 (LDW); <u>Ratisher-Cricchio Counsel v. HHS</u>, CV-96-6275 (JG)(MDG); <u>Robert III v. DOJ</u>, CV-01-4198 (JM)).)  In two other cases, the action was frivolous.  In <u>Robert v. Doe et al.</u>, CV-89-4039, Robert withdrew the action with prejudice after Defendants filed a motion to dismiss because the responsive record had been released to Robert before he filed the action.  (<u>Id.</u> at 3.)  In <u>Robert v. Central Intelligence Agency</u>, CV-00-4325(JS)(ARL), the court dismissed the action because Robert commenced the case based on an alleged FOIA request that Robert had never made.  (<u>Id.</u> at 16.)

Robert's failure to prosecute is also evident in the <u>Robert IV</u> motion for summary judgment.  The sole document Robert offered as evidence in opposition to the Defendant's motion for summary judgment is a 121 page, 379 paragraph affidavit that

chronologically delivers a litany of theories and accusations that form the basis of

Robert's belief that the defendants are claiming that "smoking gun" documents do not

actually exist, and that Robert has been wrongly targeted as a national security threat.

The verbiage in the affidavit does not appear to be newly drafted, but rather consists of

paragraphs pasted together from the various FOIA complaints he has filed over the last

four years.  (Robert IV Aff. Opp. Mot. Dismiss.)  As stated supra, in the process of

making these assertions, repeated from one FOIA action to the next, this affidavit fails to

aver to or attach any exhibits in support of the basic elements of a cognizable FOIA claim

that a court might consider in DOJ's motion for summary judgment.

In light of Robert's history of meritless cases, failure to prosecute, and

burdensome and unintelligible submissions, I find that Robert's litigation history in the

EDNY is vexatious.  Safir, 792 F.2d at 24.

2.      The Litigant's Motive

I conclude from examining the case history of Robert's FOIA actions in this

courthouse, and Robert's submissions in Robert IV, Robert V, Robert VI, and Robert VIII

that Robert's failure to prosecute is intentional.  Over the past twenty years Robert's

FOIA actions have been repeatedly dismissed and withdrawn.  And yet, Robert persists in

litigating meritless claims, in submitting complaints that do not comport with Rule 8, and

in failing to oppose motions.

I also find intentional Robert's refusal to use his real name in his lawsuits despite

this court's instructions.  Rule 17 of the Federal Rules of Civil Procedure requires that

"[e]very action shall be prosecuted in the name of the real party in interest."  Fed. R. Civ.

24

P. 17(a).  However, over the past fifteen years Robert has utilized aliases such as

"Ruppert Counsel" and "Snowflake 5391," and other times added suffixes to his own

name despite a specific admonition for him to cease this practice.  Judge Wexler in his

June 8, 1999 Memorandum and Order specifically warned that "any future litigation

involving the documents at issue shall be commenced in the name of Charles Robert

only."  <u>Snowflake 5391 a/k/a Charles Robert v. The National Archives et al.</u>, slip op., at

3.

 Since that time, Robert has filed lawsuits utilizing the pseudonyms Charles Robert

I - VIII.  At the last hearing in this matter, I asked Robert if he understood that his use of

suffixes could be construed to mean that he intended to mislead the court as to how many

prior FOIA cases he had filed, and he answered in the negative.  (<u>Robert VIII</u> Sept. 8,

2005 Tr. at 4-5.)  I reject Robert's denial.  It defies credibility that an experienced

attorney previously admonished to use his real name as the party in future *pro se* lawsuits

would innocently attach fake suffixes to his name as the real party.

 In conclusion, I find that Robert's commencement of FOIA actions that lack

merit, his failure to prosecute, and his use of pseudonyms as the real party constitute

willful violations of the federal rules and this court's orders.

 *3. Whether the Litigant is Represented by Counsel*

 Robert is not represented by counsel, and, as a suspended attorney unauthorized to

practice law, is correctly viewed as "*pro se*."  However, Robert is no stranger to this

court; nor is he a layperson.  Robert is an attorney who has practiced and appeared in this

Circuit and this District on numerous occasions over the past twenty years.  According to

Robert's self-description, he has appeared in this court on behalf of clients seeking SSI twenty times over the past twenty-two years. (<u>Robert VI</u> Compl. ¶ 15.) He has filed more than that number of FOIA actions in this court during the same period. (<u>Id.</u> ¶ 16.) Robert cannot claim that he is ignorant or incapable of following the Federal Rules. Robert also has not alleged that he is otherwise unable to understand or follow this court's orders. Therefore, I hold Robert to a higher standard than I would a *pro se* layperson inexperienced with the Federal Rules or the rules of the court.

###### 4.    *Expense to Other Parties and Use of Judicial Resources*

Defendants and this court have expended considerable resources in the litigation of the Robert FOIA matters. It is axiomatic that each commenced action requires considerable resources to litigate and adjudicate. I find that the twenty-four FOIA cases filed by Robert in this court have required a substantial use of judicial resources at considerable expense to Defendants.

###### 5.    *Whether Other Sanctions Would be Adequate*

I am troubled by Robert's disregard of the liberal pleading guidelines set forth by the Federal Rules, his failure to prosecute his FOIA actions after commencing them, and his willful disobedience of this court's clear and unambiguous instructions. His prolix, argumentative, and immaterial submissions have resulted in needless expenditure of time and resources for defendants and the court. I find that Robert is perfectly able to understand the rules that he has repeatedly violated, and I am compelled to conclude that these violations were intentional. I also believe that Robert's vexatious litigation and violations of court instructions will continue unless this court intervenes to prevent its

continuance.[3]  In re Hartford Textile Corp., 681 F.2d at 897.

At the same time, while the vast majority of Robert's FOIA litigation is meritless, Robert's FOIA requests are not patently frivolous.  A review of the FOIA requests that have been the subject of Robert's litigation shows that Defendants typically produce some of the requested documents sought by the requests before Robert commences an action in court.  Therefore, an injunction of the type that would preclude Robert from ever presenting future FOIA cases in this court would be inappropriate.  See, e.g., Malley v. New York City Board of Education, 112 F.3d 69, 69-70 (2d Cir. 1997) (granting injunctive relief because plaintiff persisted in repeatedly filing *the same* claim that had been dismissed on statute of limitations and *res judicata* grounds).

Under the circumstances, I find that enjoining Robert from filing further actions without previous leave from me is an appropriate remedy.  Examining Robert's future FOIA claims in advance of the commencement of the action shall provide this court with the opportunity to disallow future complaints that do not comport with the Federal Rules or that lack merit or are duplicative, while permitting potentially meritorious actions.

---

[3]  Over time, Robert's submissions have become more prolix, argumentative, and difficult to understand.  (Compare Robert v. Holz *et al.*, CV-85-4205 (LDW) Compl. (23 paragraphs) with Robert IV Compl. (428 paragraphs).)  In addition, although Defendants have not raised the issue, Robert may be relitigating FOIA denials previously upheld by this court.  See Robert v. DOJ, 26 Fed. Appx. 87 (2d Cir. 2002) (affirming denial of "Charles Robert Criminal Investigation" and "AUSA Noyer" FOIA document requests).  Examining Robert's submissions in advance of filing will therefore provide this court with the opportunity to ensure that Robert follows the Federal Rules in his submissions and that his claims are not barred by *res judicata*.

## IV.    CONCLUSION

Defendant's motion for summary judgment in <u>Robert IV</u> is GRANTED. Defendants' motion in <u>Robert VIII</u> for severance is GRANTED as to HHS, and DENIED as to SSA. Robert's action against HHS in <u>Robert VIII</u> is dismissed, with leave to refile within thirty (30) days. Defendants' motion in <u>Robert VIII</u> to strike the Complaint and to enjoin Robert from further FOIA actions in this court without prior leave of court is GRANTED.

All surviving claims not severed in the above matters are hereby consolidated into this action, the caption of which shall state "<u>Charles Robert v. Department of Justice and Social Security Administration</u>." I direct the parties and the Clerk of the Court to utilize this caption in all future submissions to the court regarding this matter. Robert is granted leave to file an amended complaint that joins his remaining nonsevered FOIA claims against DOJ and SSA by or before January 9, 2006. Failure to file an amended complaint shall result in dismissal of these consolidated matters with prejudice. Defendants are directed to serve an answer or pre-answer motion by or before February 9, 2006.

Furthermore, Robert is cautioned that if this amended complaint is found not to comply with Fed. R. Civ. P. 8(a), or if it includes new claims or claims that have in the past been dismissed, that I shall dismiss the complaint with prejudice and consider the imposition of sanctions. Robert is directed not to include in the amended complaint any verbiage not directly related to the elements of a FOIA claim for the FOIA requests that I have permitted Robert to join in this matter.

Any future FOIA complaint(s) by Robert, including claims severed from this

action, must be submitted to my attention as a Motion for Leave to File.[4]  Any future

Robert FOIA complaints to this court must abide by the same rules that I have imposed

for the instant amended complaint, and must be filed using his true name, "Charles

Robert."  The Clerk of the Court is directed to reject without filing or docketing any new

FOIA complaint filed by Robert without my prior authorization.

Should Robert violate any of these instructions regarding future FOIA actions, I

shall dismiss the action, and consider the imposition of sanctions.  Simmons v. Abruzzo,

49 F.3d 83, 87 (2d Cir. 1995); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30

(1962).

SO ORDERED.

Dated: December 9,  2005                                    /s/ Nicholas G. Garaufis
          Brooklyn, N.Y.                                    Nicholas G. Garaufis
                                                            United States District Judge

---

[4] Robert in his opposition brief in Robert VIII sought leave to file a complaint for FOIA
requests made on November 16, 2005.  (Plaintiff's Robert VIII Mem. Opp. at 3.)  I deny this
request without prejudice, and instruct Robert to refile this proposed action as a Motion for
Leave to File in compliance with my instructions in this M&O.