UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CHARLES ROBERT,

               Plaintiff

   -against-

DEPARTMENT OF JUSTICE, and
SOCIAL SECURITY ADMINISTRATION,

               Defendants.
----------------------------------------------------------------X

**NOT FOR PUBLICATION**

ORDER

05-CV-2543 (NGG)(ETB)

GARAUFIS, District Judge.

      By Memorandum and Order, dated December 9, 2005 ("12/9/05 M&O"), I granted the Defendants' motion to enjoin *pro se* Plaintiff Charles Robert from filing new Freedom of Information Act ("FOIA") complaints without prior leave from this court. In my 12/9/05 M&O, I instructed Robert that "[a]ny future FOIA complaint(s) by Robert, including claims severed from this action, must be submitted to my attention as a Motion for Leave to File." (12/9/05 M&O 28.) I cautioned Robert that if his motion did not comport with Fed. R. Civ. P. 8(a), contained excess verbiage or did not use his true name, "Charles Robert," in the caption, that I would deny the motion and consider the imposition of sanctions. (12/9/05 M&O 28-29.)

      Now before the court is a motion by Plaintiff for this court to file a new FOIA complaint. Plaintiff, who *is* an attorney (now suspended), has filed only an affidavit titled "Application to File New FOIA Complaint," that is 128 pages and 565 paragraphs long. The Plaintiff has submitted no legal memorandum in support of his position.

      Courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d

Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  However, *pro se* status "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).  Mindful of these principles, and the fact that Robert is an attorney who, though now suspended, has a long history of litigation before this court, I am compelled to deny his motion.

> Local Civil Rule 7.1 provides the following:
>
> Except as otherwise permitted by the court, all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined. Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default.

E.D.N.Y. Local Civ. R. 7.1.  "An affirmation alone will not satisfy the requirements of Rule 7.1." Microsoft Corp. v. K & E Computer Inc., No. 00 Civ. 7550, 2001 WL 332962, at *1 (S.D.N.Y. Apr. 4, 2001) (holding that where "defendants only filed an affirmation in opposition to [plaintiff's] motion to dismiss, and they did not cite to any legal authority," the requirements of Rule 7.1 were not met); Wenzhou Wanli Food Co., v. Hop Chong Trading Co., 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000) ("Submitting an affidavit rather than a memorandum of law is insufficient under Local Rule 7.1."); East 65 Street Realty Corp. v. Rinzler, 2000 WL 303279, at *3 (S.D.N.Y. Mar. 22, 2000) (same).  "Failure to file a memorandum of law in opposition to the opposing party's motion is, by itself, a sufficient basis to grant the motion." Kamara v. United States, 2005 WL 2298176, at *1 (S.D.N.Y. Sep. 20, 2005).  It is thus within my discretion to deny Plaintiff's motion based on his failure to comply with Local Rule 7.1.

Even if crafted as legal argument, I could not accept Robert's 128 page affidavit as a legal memorandum in support of his motion, because it clearly violates my individual rule that "[u]nless prior permission has been granted, memoranda of law in support of . . . motions are limited to 25 pages . . . ." Individual Rules of Judge Nicholas G. Garaufis, Part III(C). Moreover, other defects in Robert's motion militate in favor of denying this motion. Robert's motion does not include a notice of motion. The caption of the motion is incorrect, as it does not state Robert's true name, but rather identifies the plaintiff as "Charles Robert VIII," and it does not reflect the severance of the Department of Health and Human Services from this action. Fed. R. Civ. P. 7(b), 10(a). As a result, Robert's application must be returned to him without consideration, with leave to refile a motion that comports with the Federal Rules, the rules of the Eastern District of New York, and my individual rules.

In denying Robert's motion, I decline to examine whether Robert's affidavit is prolix and argumentative as to warrant the imposition of sanctions. However, Robert is forewarned that if he violates the instructions that I have set forth herein, I shall consider the imposition of sanctions. Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962).

Accordingly, Robert's application to file a new FOIA complaint is denied.

SO ORDERED.

Dated: December 27, 2005                 /s/ Nicholas G. Garaufis
       Brooklyn, N.Y.                           Nicholas G. Garaufis
                                               United States District Judge